

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-1997

# Green v. Phila Housing Auth

Precedential or Non-Precedential:

Docket 95-1908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Green v. Phila Housing Auth" (1997). *1997 Decisions.* Paper 61.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/61

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 95–1908

_____


DONALD GREEN,
                    Appellant

v.

PHILADELPHIA HOUSING AUTHORITY;
WILLIAM BERGMAN, INTERIM CHIEF OF POLICE;
DANIEL ROSENSTEIN, CAPTAIN; JOHN CRESCI, DEPUTY CHIEF,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES
AS OFFICIALS OF THE PHILADELPHIA HOUSING AUTHORITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 94-cv-02885)

_____

Argued June 12, 1996

Before: SCIRICA and ROTH, Circuit Judges
and RESTANI, Judge, Court of International Trade*

_____

ORDER AMENDING SLIP OPINION

_____


        IT IS HEREBY ORDERED that the slip opinion in the above

case, filed January 31, 1997, be amended as follows:

_____

*The Honorable Jane A. Restani, Judge, United States Court of
International Trade, sitting by designation.

1.  Page 13, line 8:  Delete the last sentence of the paragraph and substitute in its place, "Therefore under the facts of this case any pretext is irrelevant."

2.  By signaling footnote 9 at the end of the first full paragraph on page 13, line 9 (after the word "irrelevant."), and inserting the following footnote:

9.  A pretextual argument is appropriate when there is a question whether an employee was penalized because of the challenged speech or for some other reason, or when there is a question whether the employer held an "erroneous and unreasonable belief about what plaintiff said."  Waters, 114 S. Ct. at 1889.  The Supreme Court remanded in Waters because there was a "question whether Churchill was actually fired because of those statements, or because of something else."  Id. But this is not at issue here.  It is undisputed that Green was transferred because of his "statements," not for some other reason.  Nor is there a dispute the Philadelphia Housing Authority Police Department reasonably believed that Green appeared at the bail hearing.

3.  Renumber all subsequent footnotes.

BY THE COURT,


/s/ Anthony J. Scirica

Circuit Judge

DATED: March 13, 1997

2